IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PATRICIA A. TRAVERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:12-cv-617 |
| | ) | |
| CELLCO PARTNERSHIP d/b/a | ) | Judge Campbell |
| VERIZON WIRELESS, | ) | Magistrate Judge Bryant |
| | ) | |
| Defendant. | ) | Jury Demand |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.01, Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") moves the Court for summary judgment in its favor on each of Plaintiff's claims in this action. Specifically, Verizon Wireless is entitled to judgment on Plaintiff's claims of disability discrimination and retaliation brought pursuant to the Americans with Disabilities Act ("ADA"), her claims of interference and retaliation under the Family and Medical Leave Act ("FMLA"), and her claims for whistleblower retaliation under Tennessee statutory and common law.

Plaintiff was discharged after repeatedly engaging in behavior – including proactively waiving mail in rebates – that Verizon Wireless believed violated its Code of Business Conduct. It is undisputed that employees in Plaintiff's position were not to proactively waive mail in rebates for customers. Yet, Plaintiff repeatedly did so. Plaintiff, however, does not claim any of her prior disciplinary actions were discriminatory or retaliatory. Instead, she focuses solely on her termination, disagreeing with both its timing and reason. Though she now disputes engaging in the conduct for which she was discharged, her dispute is irrelevant and is based on nothing

1

other than her own subjective belief. In addition, the timing of her discharge was based out of necessity: Plaintiff was on leave when Verizon Wireless learned of her most recent decision to again proactively waive a mail in rebate, and it could not terminate her until she returned. Plaintiff's claims cannot survive on timing alone, especially where she was warned and disciplined *prior* to taking leave. There are no genuine issues of material fact in dispute. Her claims are without merit, and Verizon Wireless is entitled to summary judgment.

In support of its Motion, Verizon Wireless relies upon its contemporaneously submitted Memorandum of Law in Support of Summary Judgment, its Statement of Undisputed Material Facts, the Declaration of Kimberly Gibson-Harris, and the following exhibits:

Exhibit A: Excerpts and Exhibits from the Deposition of Patricia Travers;

Exhibit B: Excerpts and Exhibits from the Deposition of Phillip Trank;

Exhibit C: Excerpts and Exhibits from the Deposition of LaJuana Miller;

Exhibit D: Excerpts from the Deposition of Minyarn Pratt;

Exhibit E: Excerpts from the Deposition of Denise Gowler; and

Exhibit F: Plaintiff's Responses to Defendant's First Requests for Admissions.

s/ Bahar Azhdari
Andrew S. Naylor (BPR No. 017128)
Bahar Azhdari (BPR No. 028045)
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
(615) 244-6380
(615) 244-6804 (facsimile)
andy.naylor@wallerlaw.com
bahar.azhdari@wallerlaw.com

*Attorneys for Defendant Cellco Partnership d/b/a Verizon Wireless*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via electronic mail upon:

Heather Moore Collins, Esq.
2002 Richard Jones Road, Suite B-200
Nashville, Tennessee 37215

*Attorney for Plaintiff*

on this the 20th day of May, 2013.

s/ Bahar Azhdari