IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PATRICIA A. TRAVERS, | ) |
| Plaintiff, | ) Civil Action No.3:12-cv-617 |
| vs. | ) Judge Campbell |
| | ) Magistrate Judge Bryant |
| | ) JURY DEMAND |
| CELLCO PARTNERSHIP | ) |
| d/b/a/ VERIZON WIRELESS, | ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

In its Opposition (ECF No. 25), Defendant states that it is allegedly still gathering documents, including its progressive discipline policy (which should be relatively easy to find and produce) and comparator information that it will allegedly produce when it is gathered and thus, declares most of Plaintiff's motion "moot." To date, Defendant still has not produced the requested information. Moreover, contrary to the law of the Sixth Circuit, Defendant still insists that comparator information is limited to representatives under Plaintiff's direct supervisors only, which is simply incorrect. Defendant also continues to refuse to produce the relevant employee notes which would indicate how other representatives were treated for proactively waiving mail in rebates under Defendant's ambiguously worded and subjectively applied "Code of Business Conduct." Unfortunately, Defendant's empty promises to produce relevant information and its efforts to narrow the law of the Sixth Circuit have been same song and dance that has been reiterated throughout discovery. Plaintiff took Defendant's word that it would comply with its

1

discovery obligations after bringing deficiencies to its attention on numerous occasions, including with Magistrate Bryant who directed Plaintiff to file a motion if the issues could not be resolved. Now, Defendant has filed a motion for summary judgment (ECF No. 21) and Plaintiff still does not have the evidence she needs, yet Plaintiff's response is nonetheless due June 19 and Defendant's promises that it is gathering the relevant information are still nothing more than empty promises.[1] Thus, Defendant must be compelled to provide 1) comparator information; 2) Defendant's progressive discipline policy; 3) notes and emails concerning the decision to terminate Plaintiff; and 4) Defendant's "disability dashboard" information for other employees.

## Reply

A.  **Relevant Comparator Information has not been produced.**

Defendant still contends that "Similarly Situated Representatives" were those under Plaintiff's direct supervisors. This is incorrect. Indeed yesterday, in *Louzon v. Ford Motor Co.,* 2013 U.S. App. LEXIS 11156 *19 (6th Cir. June 4, 2013) (attached) the Sixth Circuit reiterated its holding in *Bobo v. United Parcel Service, Inc.*, 665 F.3d 741, 751 (6th Cir. 2012) that it is not appropriate to limit comparator information to a specific supervisor in every employment discrimination case. "Rather, a court 'should make an independent determination as to the relevancy of a particular aspect of the plaintiff's employment status and that of the non-protected employee.'" *Id.* (internal citation omitted). In *Louzon,* the court noted that whether a comparator was working for the same supervisor should not be given significant weight. *Id.* at 19-22. In particular, several supervisors as well as HR employees were involved in the decision making concerning Louzon. *Id.* Thus, the Sixth Circuit rejected defendant's argument that the group of

---

[1] Defendant argues that it produced over "1,400" pages of documents and ostensibly in doing so it must have complied with discovery. This statement is specious because many of the pages Defendant produced consisted of policies that were for other regions of the country that did not apply to the Franklin facility or just had no bearing on the instant issues. Thus, they did produce large amounts of documents that Plaintiff had to sift through and ask about during depositions to confirm the utter lack of relevancy.

2

comparators was limited to the small group that was under the direct supervision of plaintiff's immediate supervisor, instead the comparator circle was larger than the limited group defendant proposed. *Id.* Likewise, in this case, multiple supervisors were involved in the decision to discipline and eventually terminate Plaintiff. 5/9/13 Depo. D. Gowler at 119-121; 4/29/13 Depo. L. Miller at 108, 119-123, 125-127. Thus, the comparator group includes similarly situated customer service representatives in the CMO department whose job performance was managed directly or indirectly or reviewed for discipline by Trank (supervisor), Pratt (supervisor), Gowler (manager), Miller (HR) and Wright (HR). Moreover, even though Defendant is allegedly "still gathering disciplinary actions for violations of the Code of Business Conduct" this narrowed class information alone will not suffice. For this reason Plaintiff has specifically requested the employee notes which summarize weekly counselings based on routine audits of representatives and the Scorecards for a one and a half year period because it will be important to know if other employees committed the same alleged mistake Plaintiff did, i.e., saving the customer money by applying an instant rebate and getting thanked by the customer rather than requiring the customer mail it in, and who did not get accused of the ambiguous "Code of Business Conduct" violation and fired for the same.

      FMLA Comparators

Defendant contends that the 200 pages of Yearly Calendar reports limited to employees directly supervised by Plaintiff's immediate supervisors in 2009 and 2010, Trank and Lovett, satisfy its obligations to identify similarly situated representatives who took FMLA or short term disability in 2009 and 2010. ECF No. 25 at 3. It does not. For the same reasons set forth above Defendant should identify similarly situated representatives in the Franklin CMO department who took FMLA during the requested period.

3

Case 3:12-cv-00617  Document 26  Filed 06/05/13  Page 3 of 6 PageID #: 521

### B. Progressive Discipline Policy

Defendant contends this issue is moot because "it has already agreed to produce" it. Clearly, any such alleged agreement is meaningless because Plaintiff still does not have it, did not have it when she deposed the witnesses and likely won't have it in time to meaningfully digest it prior to the summary judgment deadline. Thus, this issue is not "moot" since Defendant continues to fail to produce the policy and this failure continues to impact the effective litigation of this case.

### C. Notes And Emails Concerning The Decision To Terminate Plaintiff

Once again, Defendant declares that Plaintiff's request is "moot" because Defendant is either searching for it, it does not exist or possibly is privileged (despite the absence of a privilege log). This does not suffice.[2] Defendant's HR manager Miller specifically testified that she kept spiral bound notebooks where she recorded what occurred in meetings where discipline was discussed, that she still had them and that she would have sent copies of pages to her manager Wright in connection with the EEOC investigation. 4/29/13 Depo. L. Miller at 15, 120-123. Likewise, Pratt testified she too kept excel spreadsheets and notes from meetings where discipline was discussed in a spiral bound notebook, but that she would often shred her notes after she transcribed her notes into an email. 4/4/13 Depo. M. Pratt at 49-54. This information is relevant and Defendant's declarations that it will produce the requested relevant information are frankly hollow, absent a court order compelling such.

### D. "Disability Dashboard" Information For Other Employees

---

[2] After going to the Sixth Circuit when *Bobo v. UPS* finally went to trial, the judge was forced to declare a mistrial midway through trial which ultimately resulted in a significant sanctions ruling because the defendants failed to produce investigative files during discovery. *Bobo v. UPS*, 2012 U.S. Dist. LEXIS 166429 (W.D. Tenn. Nov. 21, 2012).

4

Defendant's Manager Pratt testified that Defendant kept a "disability dashboard," not just by individual, but also one that showed all the employees at a given time who were on FMLA, and thus were placed on the "disability dashboard."  4/4/13 Depo. M. Pratt at 67. In an unverified manner, Defendant now appears to dispute Pratt's sworn testimony based on nothing but conjecture. Again, Defendant's declarations ring hollow.

**WHEREFORE**, Plaintiff respectfully requests the Court grant the instant Motion to Compel and order Defendant to produce 1) comparator information; 2) Defendant's progressive discipline policy; 3) notes and emails concerning the decision to terminate Plaintiff; and 4) the "disability dashboard" information for other employees; and allow Plaintiff to continue the Rule 30(b)(6) deposition to question Defendant concerning the information that was not provided. And order such other further relief it deems appropriate, including but not limited to, fees and costs associated with the filing of this Motion.[3]

Respectfully submitted,

**Collins Law Firm**

*/s Heather Moore Collins*
Heather Moore Collins, BPR # 026099
2002 Richard Jones Rd., Suite 200-B
Nashville, Tennessee 37215
615-724-1996
615-691-7019 (fax)
heather@hmcollinslaw.com

*Attorney for Plaintiff*

---

[3] Although it will largely be an exercise in futility given the outstanding discovery issues, Plaintiff arguably must respond to Defendant's pending motion for summary judgment that is due June 19. However, Plaintiff does intend to argue, in part, as she has repeatedly conveyed to Defendant's attorneys, that pursuant to Federal Rule of Civil Procedure 56(d) she does not have facts essential to her opposition.

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of June 2013, a copy of the foregoing has been furnished by using the CM/ECF system and notice of such electronic filing will be electronically mailed to Attorneys for Defendant, Andrew S. Naylor, Bahar Azhdari, 511 Union Street, Suite 2700, Nashville, Tennessee 37219, andy.naylor@wallerlaw.com; bahar.azhdari@wallerlaw.com.

*s/ Heather M. Collins*
Heather Moore Collins