UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PATRICIA A. TRAVERS, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:12-0617 |
| v. ) | Judge Campbell/Bryant |
| ) | **Jury Demand** |
| CELLCO PARTNERSHIP ) | |
| d/b/a VERIZON WIRELESS, ) | |
| ) | |
| Defendant ) | |

## MEMORANDUM AND ORDER

Plaintiff Travers has filed her motion to compel discovery (Docket Entry No. 18), by which she seeks an order requiring Defendant to produce four categories of documentation. Defendant has filed a response in opposition (Docket Entry No. 25), and Plaintiff has filed a reply (Docket Entry No. 26).

For the reasons below in this memorandum, the undersigned Magistrate Judge **GRANTS** in part and **DENIES** in part Plaintiff's motion to compel discovery.

## STATEMENT OF THE CASE

Plaintiff Travers was employed by Defendant Verizon as a senior customer service representative from May 5, 2008, until her termination on June 21, 2010. Plaintiff has brought this action under the Family and Medical Leave Act ("FMLA"), the Americans with Disabilities Act, and under Tennessee statutory and common law alleging wrongful termination and retaliation by Defendant. Defendant has filed an answer denying liability.

## ANALYSIS

Rule 26(b)(1) of Federal Rules of Civil Procedure provides the general rule that parties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense. This rule further provides that relevant information need not be admissible at the trial if the discovery appears reasonably calculated to leave to the discovery of admissible evidence.

Plaintiff by her motion to compel seeks an order compelling Verizon to produce additional documents in four categories. Each category will be discussed separately below.

"Comparator Information." Plaintiff seeks certain information about "similarly situated" senior customer service representatives in Verizon's Franklin, Tennessee, facility, including but not limited to "whether they were subjected to disciplinary action for the same conduct that Plaintiff was accused of [that] allegedly gave rise to her termination." (Docket Entry No. 18 at 3).

In its response, Defendant states that despite its requests for clarification, Plaintiff has refused to provide her definition of employees that she considers "similarly situated." (Docket Entry No. 25 at 3). Accordingly, Verizon has defined "similarly situated" as those senior customer service representatives employed under the supervision of Plaintiff's direct supervisors. Verizon states that it has produced the names, hire dates, termination dates and reasons (if applicable), pay rates and the 2009-2010 Yearly Calendar Reports for these employees. Verizon further explains that the Yearly Calendar Reports that have been produced show whether and when these employees took FMLA or short-term disability leave during 2009 or

2

2010. (*Id.*)

In her reply, Plaintiff states that the scope of relevant information should not be limited to employees managed directly by Plaintiff's supervisors. Instead, Plaintiff argues that the comparator group should include senior customer service representatives in the CMO department whose job performance was managed directly or indirectly or reviewed or disciplined by Phillip Trank, Minyarn Pratt, Denise Gowler or LaJuana Miller (Docket Entry No. 26 at 3).

The undersigned Magistrate Judge finds that Plaintiff's argument is not unreasonable, and that expanding the scope of the "similarly situated" definition to include the above-named managers and supervisors is appropriate.

Accordingly, Defendant Verizon shall provide documentation of any senior customer service representative at Verizon's Franklin facility and managed or supervised by the above-referenced Trank, Pratt, Gowler or Miller who was subjected to disciplinary actions for (a) waiving mail-in rebates without supervisory approval, or (b) other alleged violations of Verizon's "Code of Business Conduct" from January 1, 2009, through June 30, 2010.

<u>Verizon's Progressive Discipline Policy</u>. Plaintiff has requested a copy of Verizon's progressive discipline policy and Verizon has agreed to produce it. However, at least when these motion papers were filed, it appears such production had not occurred.

3

In the absence of any objection, the undersigned finds that Plaintiff's motion to compel production of a copy of Verizon's progressive discipline policy, in effect during Plaintiff's employment, should be **GRANTED**.

All Documents Referring or Relating to Plaintiff's Termination. Plaintiff seeks an order compelling Verizon to produce all documents or other records, however stored, that refer or relate to Plaintiff's termination. Defendant apparently has already produced certain documents responsive to this request. However, Plaintiff states that additional specific documents have been identified during depositions of Verizon's employees, and that some of these additional documents have not yet been produced.

Verizon in its response states that since the depositions of its employees it has been making a diligent search for additional documents and that it has agreed to produce to Plaintiff any additional responsive nonprivileged documents that it finds.

In the absence of objection, the undersigned **GRANTS** Plaintiff's motion and orders Verizon to produce any documents or other information, however stored, within its possession, custody or control that refer or relate to Plaintiff's termination. If Defendant withholds any responsive information based upon a claim of privilege, Defendant shall serve a privilege log in compliance with Rule 26(b)(5)(A).

"Disability Dashboard" Information. During the deposition of Minyarn Pratt, a Verizon manager, Ms. Pratt testified that Verizon maintained a record called a "disability dashboard" which informed managers and supervisors of employees who were out of work

on FMLA or short-term disability leave on any particular date. Plaintiff seeks production of this record in order to ascertain the identities of all other Verizon employees in the Franklin facility who have taken FMLA leave.

Defendant in its response states that the "disability dashboard" is maintained on each individual employee, and not as a whole for all employees in the facility. Verizon further states that this record provides information on whether an employee has requested FMLA or short-term disability leave, whether the request was approved or denied, and the dates of leave. Verizon further states that it has already produced to Plaintiff the Yearly Calendar Report for other senior customer service representatives who were supervised by Plaintiff's direct supervisors, and that these reports show which of these employees took leave, the type of leave, and the dates of leave.

The undersigned Magistrate Judge finds that Plaintiff's request for the identity of all Verizon employees in the Franklin facility who have taken FMLA leave is excessive and, to the extent her motion to compel seeks such information, the motion should be **DENIED**. However, Verizon shall produce to Plaintiff records that indicate dates of all FMLA leave taken by any "similarly situated" senior customer service representatives, as defined above in this memorandum and order.

Defendant Verizon shall produce any additional documents required by this order but not already produced on or before **September 25, 2013**.

It is so **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge

5